UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN ANTHONY WEAVER,

    Plaintiff,

v.

                            Case No. 2:22-CV-13079
                            HONORABLE DENISE PAGE HOOD

TIMOTHY SMITH, ET. AL.,

    Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT

Sean Anthony Weaver, ("Plaintiff"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. At the time he filed the complaint, plaintiff was incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. On December 22, 2022, Magistrate Judge David R. Grand signed an order of deficiency, requiring plaintiff to either pay the filing fee or to submit an application to proceed without prepayment of fees and costs (ECF No. 3). The order was mailed to plaintiff at the Central Michigan Correctional Facility. The order was returned as undeliverable. (ECF No. 5). For the reasons that follow, the civil rights complaint is DISMISSED WITHOUT PREJUDICE.

Local Rule 11.2 provides a court in the Eastern District of Michigan the authority to dismiss a case for failure to keep the court apprised of address changes. The rule states:

1

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.

This Court may also dismiss a civil action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *See Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001). Plaintiff had a duty to provide the Court with his current address or risk dismissal. *See Watsy v. Richards*, No. 86–1856, 1987 WL 37151 (6th Cir. April 20, 1987). *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07–CV–12; 2009 WL 2595604, *1, n. 1 (W.D. Mich. Aug. 20, 2009)(quoting *Kelly v. Wal–Mart, Inc.*, No. 7:07–CV–0089; 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007)).

Plaintiff has not provided the Court with his current address or contact information. The Court will therefore dismiss the case without prejudice for want of prosecution because plaintiff failed to notify this Court of any address changes. *See Rollins v. Superior Court of Los Angeles,* 706 F. Supp. 2d 1008, 1013-14 (C.D.

Cal. 2010); *Alam v. Carvajal*, No. 5:20-CV-11407, 2020 WL 4583837, at *2 (E.D. Mich. Aug. 10, 2020); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010).

A district court has the option of the less drastic sanction of dismissing a case without prejudice for want of prosecution under Fed. R. Civ. P. 41(b). *See e.g. White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002); *Hill v. General Motors Corp,* 897 F.2d 529 (Table); 1990 WL 25065, *3, n. 2 (6th Cir. March 8, 1990). Because plaintiff is acting *pro se*, the Court chooses to dismiss the complaint without prejudice.

The Court will summarily dismiss the civil rights complaint without prejudice. The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed and will not be reopened.

Dated:  March 29, 2023

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

3